UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID M. TROTMAN,

                              Plaintiff,

              -against-

WARDEN OF DOC NYC, ET AL.,

                              Defendants.

24-CV-8455 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated at the George R. Vierno Center (GRVC) on Rikers

Island and is proceeding *pro se*, initially filed this action in the United States District Court for

the Eastern District of New York. On September 3, 2024, the district court held that Plaintiff was

barred, under 28 U.S.C. § 1915(g) from bringing this action *in forma pauperis* (IFP) while a

prisoner and granted him 30 days to prepay the filing fees. (Text Order (citing *Trotman v.

McCoy*, 9:22-CV-1268 (BKS)(CFH) (N.D.N.Y. Sept. 3, 2024) (describing three "strikes")).[1]

        Before the 30-day period expired, Plaintiff moved for reconsideration of the order based

on Section 1915(g)'s imminent danger exception (ECF 6-9), and the district court transferred the

action to this Court. The Court granted Plaintiff's application to amend his complaint, and on

April 7, 2025, Plaintiff filed an amended complaint (ECF 16), which is the operative pleading.

---

        [1] That order relied on the "three-strikes" provision of the Prison Litigation Reform Act
(PLRA), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff also filed a proposed order to show cause for a preliminary injunction, together with a memorandum of law in support (ECF 17-18), seeking to enjoin defendants "from confining Plaintiff in a cell based on false reporting," and from "writing false reports." (ECF 17 at 1.)

For the reasons set forth below, the Court liberally construes Plaintiff's motion for reconsideration of the district court's September 3, 2024 order, holding that he does not meet Section 1915(g)'s imminent danger exception, as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF 6-7.) After reviewing the arguments in Plaintiff's submissions, the Court denies the motion and dismisses the action without prejudice.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y*

*of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show that

"'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs.*

*of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff's amended complaint references numerous apparently unrelated incidents at

different facilities of the New York City Department of Correction (DOC), which it is unclear if

he has already litigated in prior suits. He alleges, for example, that on October 5, 2024, after he

was released from protective custody, other incarcerated individuals at the Otis Bantum

Correctional Center assaulted him. (ECF 16 at 5, ¶ 66.)  On November 23, 2024, a correction

officer used chemical spray, which Plaintiff says risked killing him, in order to break up an

"inmate physical altercation." (*Id.* at ¶ 69.) On December 29, 2024, Plaintiff alleges that at the

Robert N. Davoren Center, he was illegally strip searched. (*Id.* at ¶ 71.) In "late December,"

2024, Officer Robinson made a false report that Plaintiff said that "she stinks." (*Id.* at ¶ 72.)

Plaintiff further alleges that on past occasions he found "raw feces" or saliva in his cereal (*id.* at

¶¶ 74-77), though he does not include facts suggesting that any defendant played a role in this

food contamination. The relief that Plaintiff seeks is to be relocated to West Facility and to have

"dietary security." (*Id.* at 7.)

In sum, Plaintiff does not allege facts, in either his original or amended complaints or in

his motion for a preliminary injunction, suggesting that he brings this suit to remedy a specific

risk of imminent physical harm to him at GRVC. Where past harms are part of an "ongoing

pattern of acts" that is continuing, the imminent danger exception may be satisfied. *Chavis v.*

*Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Here, however, Plaintiff raises claims of past

incidents at different facilities that are apparently unrelated and are not alleged to be ongoing or

to be part of a pattern; he does not allege facts suggesting that he faces a particular risk of

imminent physical harm at GRVC. Plaintiff therefore does not establish that this action is within the imminent danger exception to Section 1915(g)'s bar on his proceeding IFP. Accordingly, the Court cannot find that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The September 3, 2024 order of dismissal therefore remains in effect. (Text Order filed Sept. 3, 2024) ("Plaintiff's application to proceed IFP is denied pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three 'strikes' and is not entitled to the 'imminent danger' exception. . . .[T]he Clerk is directed to enter judgment dismissing this action, without prejudice . . . .")).

Nothing in this order prevents Plaintiff from filing a new action with prepayment of the $405.00 filing fee. In addition, if in the future Plaintiff faces a specific risk of imminent physical harm based on a particular issue that he presently faces, Plaintiff can seek leave to bring a new action IFP and include facts in the new complaint showing that he faces an imminent danger of serious physical injury, that the injury is fairly traceable to unlawful conduct asserted in the complaint, and that a favorable judicial outcome would redress that injury.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 6-7) is denied.

As set forth in the September 3, 2024 order, Plaintiff's application to proceed IFP is denied, pursuant to 28 U.S.C. § 1915(g), because Plaintiff has three strikes and the imminent danger exception does not apply. The Clerk of Court is directed to enter judgment dismissing this action without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 18, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge